1  +

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  MARIA HILDA SANCHEZ DE MENDOZA, | Case No.: 1:22-cv-01190 JLT CDB |
| 12  Plaintiff, | ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS |
| 13  v. | OF THE MAGISTRATE JUDGE, GRANTING PLAINTIFF'S MOTION FOR SUMMARY |
| 14  MARTIN O'MALLEY, Commissioner of Social Security[1], | JUDGMENT OR REMAND, AND REMANDING THE ACTION FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE |
| 15 | FOUR OF 42 U.S.C. § 405(g) |
| 16  Defendant. | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF MARIA HILDA |
| 17 | SANCHEZ DE MENDOZA AND AGAINST DEFENDANT MARTIN O'MALLEY, |
| 18 | COMMISSIONER OF SOCIAL SECURITY |
| 19 | (Docs. 20, 23, 24) |
| 20 | |

21        Maria Hilda Sanchez de Mendoza seeks judicial review of an administrative decision of the

22  Commissioner of Social Security denying her application for a period of disability and disability

23  insurance benefits under Title II of the Social Security Act. (Docs. 1, 20.) Plaintiff contends the

24  administrative law judge's mental residual functional capacity determination was not supported by

25  substantial evidence and the ALJ erred in rejecting a treating psychiatrist's RFC limitations.[2] (Doc.

26  ───────────────
[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule

27  25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley as the defendant in this suit.

28  [2] Plaintiff did not object to the magistrate judge's determination that the ALJ's rejection of Dr. Pusateri's RFC limitations was supported by substantial evidence. (*See* Docs. 24, 25.)

1  20 at 7.) The Commissioner opposes remand, asserting substantial evidence supports the decision of

2  the ALJ and the decision should be affirmed. (*See generally* Doc. 23.) For the reasons set forth

3  below, the matter is remanded for further administrative proceedings.

4  **I.      Relevant Background and Findings of the ALJ**

5         Following an unfavorable decision on Plaintiff's application for disability benefits,

6  Plaintiff filed a subsequent application, which was denied initially and upon reconsideration.

7  After conducting a telephonic hearing, the ALJ issued a decision on Plaintiff's second

8  application, finding that Plaintiff was not disabled. (Doc. 13-1 at 24-38.) Initially, pursuant to

9  *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), the ALJ determined that Plaintiff rebutted the

10  presumption of continuing non-disability and presented new and material evidence warranting

11  additional review of Plaintiff's RFC "without adoption of the previous hearing decision's [RFC]."

12  (*Id*. at 30.)

13         The ALJ then conducted the five-step disability evaluation under 20 C.F.R. § 404.1520(a)

14  and found that through the date last insured, Plaintiff had "severe" impairments, including

15  diagnoses and treatment for "major depressive disorder and anxiety disorder." (Doc. 13-1 at 30-

16  32.) Ultimately, however, the ALJ determined that Plaintiff retained the RFC to perform a full

17  range of work with the following limitations: "claimant must avoid all exposure to unprotected

18  heights and must avoid concentrated exposure to hazardous machinery. She cannot handle small

19  objects or read small or fine print. The claimant is limited to simple, routine tasks and is limited

20  to no interaction with the public." (*Id*. at 32.) Plaintiff's mental RFC remained unchanged from

21  the prior unfavorable decision.[3] In making this determination, the ALJ found the opinion of State

22  Agency psychological consultant Nadine J. Genece, Psy.D. persuasive. (*See id*. at 35.)

23  **II.     Findings and Recommendations of the Magistrate Judge**

24         Plaintiff asserts that the ALJ's mental RFC is not supported by substantial evidence because

25  the ALJ found Dr. Genece's medical opinion persuasive without adequately addressing the

26  ---

27  [3] In denying Plaintiff's first application for disability benefits, the prior ALJ determined Plaintiff had full-range RFC with the following limitations: "she can perform simple, routine tasks. She cannot have public contact. She cannot work at unprotected heights or around heavy machinery with fast-moving parts. She

28  cannot work in areas of uneven terrain. She cannot perform work requiring handling of small objects or reading of small or fine print." (Doc. 13-1 at 73.)

1   opinion's "supportability" and "consistency" under 20 C.F.R. § 404.1520c. (Doc. 20 at 20.) The

2   magistrate judge found that "[c]ontrary to Plaintiff's contentions, Dr. Genece's opinion

3   demonstrates she considered Plaintiff's medical records and acknowledged Plaintiff's affect as

4   mood congruent, flat, and tearful, presenting anxious appearance and experiencing severe

5   depression and anxiety that had worsened over time, and symptoms of paranoia and hallucinations."

6   (Doc. 24 at 13, citing Doc. 13-1 at 95-98.) The magistrate judge also found that the opinion

7   "addresses Plaintiff's thought content and notes it had worsened over time," citing to the objective

8   findings that in April 2019, Plaintiff's thought content was "unremarkable" and in August 2019, it

9   was "w/ paranoia and Hallucinations." (*Id*. at 14, citing Doc. 13-1 at 96.)

10      Despite Plaintiff's citations to several unaddressed records she contends support a finding of

11   worsening impairments and increased symptoms (*see* Doc. 20 at 25-26), the magistrate judge

12   opined that the record demonstrates Dr. Genece considered Plaintiff's use of medication as well as

13   conditions and symptoms of paranoia, increased anxiety, panic attacks, and severe depression "that

14   were found throughout Plaintiff's treatment records and detailed in those records in September

15   2018, and April, July, and August 2019." (Doc. 24 at 14.)

16      Finally, the magistrate judge rejected Plaintiff's argument that the ALJ erred in finding new

17   and material changes justifying the reopening of an application and nevertheless adopted Dr.

18   Genece's opinion, which found no significant new and material changes. (*See* Doc. 24 at 14-16.)

19   The magistrate judge opined that the ALJ considered Dr. Genece's opinion along with Plaintiff's

20   new evidence of paranoia, hallucinations, and limitations and accounted for these changed

21   circumstances in determining Plaintiff's new RFC. (*Id*. at 16.) Thus, the magistrate judge concluded

22   that the ALJ's decision was supported by substantial evidence and recommended that Plaintiff's

23   motion for summary judgment be denied. (*See id*. at 16-17.)

24   **III.     Objections**

25      Plaintiff filed objections to the Findings and Recommendations, asserting that the Court

26   should reject the magistrate judge's finding that the ALJ's mental RFC was supported by

27   substantial evidence. (Doc. 25 at 2.) Plaintiff maintains that "despite the Magistrate Judge's

28   contention to the contrary, the ALJ harmfully erred by failing to adequately address the issues of

3

1    both 'Supportability' with Dr. Genece's own findings and 'Consistency' with the record as a whole

2    with any specificity, rendering the MRFC not based on substantial evidence." (*Id*. at 5, emphasis

3    omitted.) Additionally, Plaintiff contends that the magistrate judge "cannot remedy, *post-hoc*, the

4    ALJ's harmful error here and 'analyze' the 14 page exhibit of '3A' to attempt to intuit which

5    aspects of the 'examination findings from the unadjudicated period' (AR 30) which ranges from

6    September 7, 2018 through June 30, 2019 upon which Dr. Genece supposedly based her MRFC

7    determination." (*Id*. at 6.)

8    **IV.    Discussion**

9          A district judge may "accept, reject or modify, in whole or in part, the findings and

10    recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de

11    novo determination of those portions of the report or specified proposed finding or

12    recommendations to which objection is made." *Id.* A *de novo* review requires the Court to

13    "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d

14    930, 932 (9th Cir. 2009).

15         **A.    *Post-hoc* analysis**

16         As an initial matter, the Court notes that the magistrate judge reviewed the administrative

17    record to determine whether the ALJ's decision was supported by substantial evidence in light of

18    the ALJ's alleged failure to adequately consider Dr. Genece's opinion. (*See* Doc. 24 at 11-14.)

19    Upon this review, the magistrate judge determined that Dr. Genece's opinion indicated she

20    considered Plaintiff's treatment records and acknowledged her worsening conditions and

21    symptoms. (*See id*. at 13-14.) In addition, the magistrate judge opined that Plaintiff was asking the

22    Court to "reinterpret and/or reweigh Dr. Genece's opinion," and noted that "it is not our prerogative

23    on federal review to assume the ALJ's role and reweigh the evidence." (*Id*. at 14, citing *Wilfred-*

24    *Pickett v. Berryhill*, 719 F. App'x 576, 578 (9th Cir. 2017); *Ahearn v. Saul*, 988 F.3d 1111, 1115

25    (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the

26    ALJ.").)

27         Importantly, the ALJ did not provide the analysis offered by the magistrate judge. Rather,

28    the ALJ's discussion was limited to a determination that Dr. Genece supported her findings "with

examination notes from the unadjudicated period" and that "[t]he record as a whole is consistent with the limitations indicated." (Doc. 13-1 at 35.) Accordingly, the Court may not now rely on the magistrate judge's findings to support the adequacy of the ALJ's decision. *See Burrell v. Colvin*, 775 F.3d 1113, 1138 (9th Cir. 2014) (reiterating the court is "constrained to review the reasons the ALJ asserts" [citation omitted]); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (finding error where the district court affirmed the ALJ's decision "based on evidence that the ALJ did not discuss"). In any event, the dispositive question is whether the ALJ properly considered the supportability and consistency of Dr. Genece's opinion, which the Findings and Recommendations did not directly address.

### B.    Evaluation of medical opinions

When evaluating medical opinions, the regulations[4] direct ALJs to articulate how each opinion was considered and how persuasive each opinion is. *Leslie W. v. Comm'r of Soc. Sec.*, 2021 WL 1518870, at *5 (D. Or. Apr. 16, 2021), *aff'd sub nom. Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a), (b)(1)). ALJs determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)-(5). An ALJ is only required to discuss supportability and consistency, which are the most important factors "when evaluating the persuasiveness of medical opinions." *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 404.1520c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source

---

[4] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her application on July 23, 2019 (Doc. 13-1 at 125), Plaintiff's claim is subject to the revised rules.

1   supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32

2   F.4th at 791-792 (internal quotation marks omitted). The regulations provide: "The more relevant

3   the objective medical evidence and supporting explanations presented by a medical source are to

4   support his or her medical opinion(s) or prior administrative medical finding(s), the more

5   persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §

6   404.1520c(c)(1).

7          Consistency compares an opinion with other evidence to determine its persuasiveness. *See*

8   *Woods*, 32 F.4th at 792. With the "consistency" factor, the regulations explain: "The more

9   consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from

10   other medical sources and nonmedical sources in the claim, the more persuasive the medical

11   opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

12   Thus, "to determine the persuasiveness of a medical opinion the court must evaluate whether the

13   ALJ properly considered the factors as set forth in the regulations." *Leslie*, 2021 WL 1518870, at

14   *5.

15          On October 21, 2019, after a review of the medical record, Dr. Genece opined that Plaintiff

16   could maintain concentration, persistence, and pace for simple tasks, and that she could have

17   limited contact with the public. (Doc. 13-1 at 101-02.) Dr. Genece provided the following

18   explanation:

19                 Depression/anxiety alleged with AOD 09/7/18. A prior 09/6/18 ALJ
                   concluded that clmt would be able to perform simple tasks with no
20                 public contact on the basis of GAD. Current evidence shows clmt is
                   being treated w/ Sertraline and is in counseling for depression/anxiety.
21                 Mild to mod sxs evident on MSEs. ADLS are not significantly
                   restricted to psych issues. Evidence on file supports no material change
22                 since ALJ which is adopted. Clmt is limited to simple tasks w/ no
                   contact w/ the public.

23

24   (*Id*. at 102.) The ALJ found the opinion of Dr. Genece "persuasive," stating:

25                 The undersigned finds that the State Agency psychological findings
                   offered by Nadine J. Genece, Psy.D. are persuasive (Exhibit B3A). Dr.
26                 Genece found that the claimant is limited to simple tasks with no
                   contact with the public. Dr. Genece adopted the findings from the prior
27                 hearing decision and supported the findings with examination notes
                   from the unadjudicated period. The record as a whole is consistent with
28                 the limitations indicated.

6

1    (*Id*. at 35, citing Exhibit B3A (Doc. 13-1 at 91-104).)

2            Plaintiff contends that the ALJ's discussion of Dr. Genece's opinion falls short of the

3    requirements under 20 C.F.R. § 404.1520c. The Court agrees. The ALJ acknowledges that Dr.

4    Genece "supported the findings with examination notes from the unadjudicated period." (Doc. 13-1

5    at 35.) However, even assuming this passes muster under the statutory requirements for

6    supportability, the ALJ clearly fails to address the consistency of Dr. Genece's decision with other

7    evidence, other than offering the conclusion that "[t]he record as a whole is consistent with the

8    limitations indicated." (*Id*.) The Court declines to speculate as to what findings support the ALJ's

9    conclusion that the opinion of Dr. Genece was "consistent" with those of other medical sources.

10   Rather, it is the ALJ's obligation to compare a medical opinion with other evidence in the record

11   and "provid[e] an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

12   Consequently, the Court is unable to find the ALJ properly discussed the consistency factor. *See*

13   *Woods*, 32 F.4th at 792 (the factor addresses "the extent to which a medical opinion is consistent

14   with the evidence from *other* medical and nonmedical sources") (internal quotation marks omitted,

15   emphasis added).

16           **C.      Remand for further proceedings**

17           The decision whether to remand a matter for further proceedings pursuant to sentence four

18   of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the

19   district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when

20   a court reverses an agency determination, the proper course is to remand to the agency for

21   additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)

22   (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Plaintiff requests the matter be remanded for the

23   payment of benefits, or in the alternative, for further proceedings. (*See* Doc. 25 at 16.)

24           The Court finds remand is appropriate in this action for further consideration of the medical

25   opinion of Dr. Genece, including clarification by the ALJ regarding the opinion's persuasiveness of

26   the opinion. *See* 20 C.F.R. § 404.1520c.[5]

27   ///

28

---

[5] Because the Court finds remand is appropriate, the Court need not address Plaintiff's remaining objections.

**V.      Conclusion and Order**

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, the Court finds the ALJ failed to apply the proper legal standards and declines to affirm the administrative decision. Thus, the Court **ORDERS**:

    1.      The Court declines to adopt the Findings and Recommendations (Doc. 24).

    2.      Plaintiff's motion for summary judgment or remand (Doc. 20) is **GRANTED**.

    3.      Defendant's request to affirm the administrative decision (Doc. 23) is **DENIED**.

    4.      The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.

    5.      The Clerk of Court is directed to enter judgment in favor of Plaintiff Maria Hilda Sanchez de Mendoza and against Defendant Martin O'Malley, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

UNITED STATES DISTRICT JUDGE